# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: 2:21-cv-00335-JLS-MAA            Date: June 24, 2021

Title: Sharvon Edward Fredrick v. Warden

---

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| James Muñoz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:      Attorneys Present for Respondent:
N/A                                                    N/A

**Proceedings (In Chambers):**     **Order to Show Cause Why Petition Should Not Be Dismissed as Non-Cognizable and Frivolous**

## Background

On January 12, 2021, the Court received and filed Petitioner Sharvon Edward Fredrick's ("Petitioner") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254") ("Petition"). (Pet., ECF No. 1.) While the Petition is difficult to comprehend, Petitioner appears to raise claims based on the COVID-19 pandemic, making references to COVID-19, vaccines, and face masks. (*See id.* at 2–6.)[1]

On January 29, 2021, the Court issued an Order identifying the following procedural defects with the Petition and ordering Petitioner to respond by March 2, 2021: (1) the Petition appears to challenge Petitioner's conditions of confinement rather than raising claims that are cognizable in habeas corpus proceedings, and (2) Petitioner's claims are largely unintelligible and appear to be frivolous. (Jan. 29, 21 Or., ECF No. 3.) On February 17, 2021, in light of Petitioner's notification to the Court that he tested positive for COVID-19 on January 29, 2021, the Court *sua sponte* extended Petitioner's deadline to respond to the January 29, 2021 Order until April 16, 2021. (ECF Nos. 7, 9.)

On February 10, 2021, the Court received and filed Petitioner's document entitled "Response for (a) Clearer Court Perception to Relieve, and Address, as for Facemask Purity and an, now [sic] Ill-Struck Reason which Stood Healthy for Release, Amend, Moral Obliged" ("February 10 Response"). (Feb. 10, 2021 Response, ECF No. 11.) In the absence of another response from

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the Petition.

Petitioner, the Court construes this document as Petitioner's Response to the Court's January 29, 2021 Order.

### Discussion

For the reasons discussed below, Petitioner's February 10 Response does not resolve the procedural defects identified in the Court's January 29, 2021 Order. However, out of consideration for Petitioner's *pro se* status, the Court will provide Petitioner with an additional opportunity to respond. **Petitioner's Response is due no later than July 26, 2021.**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of federal habeas petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it appears that the Petition is subject to summary dismissal as non-cognizable and frivolous.

### I.  Petitioner's Claims Appear to Be Non-Cognizable in Habeas

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Statute § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citations omitted).

As noted in the Court's January 29 Order, it is not clear that Petitioner challenges the legality or duration of his confinement, as opposed to his conditions of confinement. For instance, Petitioner appears to allege a need for higher-quality face masks, which would fall under conditions of confinement. (*See* Pet. at 4, 6.) While the words "healthy release" appear once in the Petition, Petitioner does not explicitly state that he is seeking release based on the risk of contracting COVID-19 in custody. (*See id.* at 6.) Similarly, in his February 10 Response, Petitioner references both face masks and release, and it is unclear what Petitioner's claims are or what relief Petitioner seeks in these proceedings. (*See* Feb. 10, 2021 Response.)

The Court generally has discretion to construe a habeas petition as a civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *superseded by statute on other grounds as stated in Woodford v. Ngo*, 548 U.S. 81, 84 (2006). However, it is not clear that such recharacterization would be appropriate in this case.

*First*, Petitioner has not authorized the $350 filing fee for a civil rights case to be deducted from his prison trust account pursuant to 28 U.S.C. § 1915(b). The Court cannot presume that Petitioner would continue to pursue this action if he knew he ultimately would be obliged to pay the $350 filing fee regardless of the outcome of his case.

*Second*, the Court would be obligated to screen the converted Petition under 28 U.S.C. § 1915A to determine whether the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the converted Petition ultimately were to be dismissed on the basis that it is frivolous, malicious, or fails to state a claim, that dismissal would count as a "strike" against Petitioner with respect to 28 U.S.C. § 1915(g), which provides that a prisoner who has three "strikes" may not bring an action or appeal without prepayment of the full filing fee "unless the prisoner is under imminent danger of serious physical injury."

*Third*, it is not in the interest of judicial economy to convert the Petition to a federal civil rights complaint because the case would require additional court resources to deal with the issues created by the different filing fees, the absence of information called for by the civil rights complaint form utilized in this district, and the potential service issues relative to individuals whose conduct may be in issue.

Accordingly, it appears that summary dismissal is appropriate. However, out of consideration for Petitioner's *pro se* status, the Court will permit Petitioner an additional opportunity to respond before issuing a recommendation that the Petition be summarily dismissed.

The Court **ORDERS** Petitioner to respond in writing by no later than **July 26, 2021**. Petitioner's response may take any of the following forms: (1) an Amended Petition raising claims that challenge Petitioner's conviction and sentence; (2) a memorandum explaining why Petitioner's current claims entitle him to habeas relief; or (3) a civil rights complaint stating Petitioner's claims, and a new request to proceed *in forma pauperis* that includes Petitioner's inmate trust account statements and authorization to deduct the $350 filing fee for civil rights actions. The Clerk is

directed to attach the following forms, which Petitioner must use if he chooses to exercise the third option: (1) Form CV-66 ("Civil Rights Complaint") and (2) Form CV-60P ("Request to Proceed In Forma Pauperis with Declaration in Support").

Instead of filing a response to this Order, Petitioner may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a).  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

**Petitioner expressly is cautioned that failure to respond to this Order by July 26, 2021 will result in a recommendation that the Petition be summarily dismissed for lack of habeas jurisdiction, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

## II.     Petitioner's Claims Appear to Be Frivolous

As noted above, the claims raised in the instant Petition are difficult to decipher.  While Petitioner references COVID-19 and face masks, his allegations are hard to follow and the Court cannot discern what relief Petitioner seeks.  (*See* Pet. 2–6.)  For example, Petitioner states "[t]hese favorable ensigned names are to bring forth first, and after Deontical [*sic*] C/O's moral obliged for first responder, and follower cognitive C/O's lennon [*sic*] professional thread need 14th [A]mend[ment], neglected processively [*sic*] due." (*Id.* at 2.)  Petitioner's allegations in his February 10 Response are similarly difficult to follow.  (*See* Feb. 11, 2021 Response.)  For instance, Petitioner states:

> Deontical, which was used to express a stand out sequence of C/O's moral obligation for what was to be an Automatic recognence [*sic*] to (a) sensible order for one Arbiter, over many, Veto to ensigning expect's [*sic*] to get thee [*sic*] ball rolling for pure dye non-logoed facemask which someone has of logo facemask deterred out of its chancy position for gang-orientations. . . . First responder and cognitive C/O's lennon [*sic*] meaning the group of C/O's of which are knowing of this petition first, and those of C/O's that follow who get to know, . . . who knows of excelling positive Covid 19, and/or 23 results blood test of which of [indecipherable] N95 Model State of Art prescribed facemask were not enough as of sufficiently [T28093] appropriated rather than Inmate Correctional Office at general street Double/Thrice/Many ways of Jeopardy of society…

Based on the above, it is unclear what legal claims Petitioner brings and what relief Petitioner seeks. Accordingly, the Petition may be summarily dismissed as frivolous. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where allegations in petition are vague or conclusory, palpably incredible, or patently frivolous or false); *see also, e.g.*, *Turner v. Sullivan*, No. CV 17-5903-PA (JPR), 2017 U.S. Dist. LEXIS 140178 (C.D. Cal. Aug. 29, 2017) (summarily dismissing action as frivolous where "conclusory and nonsensical" claims could not be adjudicated); *Dugger v. Stainer*, No. SACV 16-1385-GW (JPR), 2016 U.S. Dist. LEXIS 161361 (C.D. Cal. Nov. 21, 2016) (summarily dismissing action as frivolous where allegations "raise[d] some sort of broad-based, philosophical and societal concern as to which this Court is powerless to act even were it so inclined").

Petitioner is **ORDERED** to show cause in writing by no later than **July 26, 2021** why this Court should not recommend dismissal of this action as frivolous. Petitioner may satisfy this Order to Show Cause by filing either (1) an amended petition clearly setting forth Petitioner's claims for habeas relief, or (2) a written response detailing why the Petition as it stands states cognizable, nonfrivolous claims for habeas relief.

Instead of filing a response to the Order to Show Cause, Petitioner may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a). The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

**Petitioner is expressly cautioned that failure to respond to this Order by July 26, 2021 will result in a recommendation that the Petition be summarily dismissed as frivolous, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

\* \* \*

It is so ordered.

Attachments
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))
Form CV-60P (Request to Proceed without Prepayment of Filing Fees with Declaration in Support)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No.: | 2:21-cv-00335-JLS-MAA | Date: June 25, 2021 |
| Title: | Sharvon Edward Fredrick v. Warden | |

Form CV-66 (Civil Rights Complaint)