# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARVON EDWARD FREDRICK,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | Case No. 2:21-cv-00335-JLS-MAA<br><br>**ORDER DISMISSING PETITION AND DISMISSING ACTION WITHOUT PREJUDICE** |

## I. INTRODUCTION AND BACKGROUND

On January 12, 2021, the Court received and filed Petitioner Sharvon Edward Fredrick's ("Petitioner") pro se Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Pet., ECF No. 1.) While the Petition is difficult to comprehend, Petitioner appears to raise claims based on the COVID-19 pandemic, making references to COVID-19, vaccines, and face masks. (*See id.* at 2–6.)[1]

On January 29, 2021, the Court issued an Order identifying the following procedural defects with the Petition and ordering Petitioner to respond by March 2,

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the cited documents.

2021: (1) the Petition appears to challenge Petitioner's conditions of confinement rather than raising claims that are cognizable in habeas corpus proceedings, and (2) Petitioner's claims are largely unintelligible and appear to be frivolous. (Jan. 29, 21 Order, ECF No. 3.) On February 17, 2021, in light of Petitioner's notification to the Court that he tested positive for COVID-19 on January 29, 2021, the Court *sua sponte* extended Petitioner's deadline to respond to the January 29, 2021 Order until April 16, 2021. (ECF Nos. 7, 9.)

On February 10, 2021, the Court received and filed Petitioner's document entitled "Response for (a) Clearer Court Perception to Relieve, and Address, as for Facemask Purity and an, now [sic] Ill-Struck Reason which Stood Healthy for Release, Amend, Moral Obliged" ("February 10 Response"). (Feb. 10, 2021 Response, ECF No. 11.)

On June 24, 2021, the Court ordered Petitioner to show cause why the Petition should not be dismissed for failure to state a cognizable habeas claim and for frivolousness ("June 24 OSC"). (June 24, 2021 OSC, ECF No. 12.) Petitioner's response to this June 24 OSC was due on July 26, 2021. (*Id.* at 5.)

On August 26, 2021, in the absence of any correspondence from Petitioner, the Court issued an Order to Show Cause why the Petition should not be dismissed for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41 based on Petitioner's failure to comply with the Court's orders ("August 26 OSC"). (Aug. 26, 2021 OSC, ECF No. 13.) The Court ordered Petitioner to respond by September 27, 2021 and warned that failure to do so would result in dismissal. (*Id.* at 2.)

To date, Petitioner has not responded to the Court's June 24 or August 26 OSCs.

///
///
///

## II. ANALYSIS

### A. Legal Standard

District courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that federal district courts have "inherent power" to dismiss cases *sua sponte* for lack of prosecution). Dismissal, however, "is a harsh penalty and is to be imposed only in extreme circumstances." *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (internal quotation marks omitted).

Before dismissing an action for failure to prosecute or for failure to comply with a court order, a district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

///

///

///

///

**B.     The Factors Support Dismissal.**

        1.     <u>The Public's Interest in Expeditious Resolution and the Court's Need to Manage its Docket</u>

The first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—generally are considered together. *See Prods. Liab. Litig.*, 460 F.3d at 1227; *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1452 (9th Cir. 1994) (The first two factors are usually reviewed together "to determine if there is an unreasonable delay.").

Here, these factors weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *Prods. Liab. Litig.*, 460 F.3d at 1227. Thus, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990). In addition, district courts "have an inherent power to control their dockets," *Prods. Liab. Litig.*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

To date, Petitioner has not filed any response to the Court's June 24 or August 26 OSCs. The Court concludes that Petitioner's failure to comply with these Court orders and failure to prosecute the lawsuit constitute unreasonable delay. *See Thomas v. Maricopa Cnty. Jail*, 265 Fed. App'x 606, 607 (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing pro se prisoner lawsuit for failure to respond to a court order for almost three months). Petitioner's noncompliance and inaction also interfere with the public's interest in the expeditious resolution of this litigation and hinder the Court's ability to manage its docket. *See Prods. Liab. Litig.*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable

'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'" (quoting *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994))). For these reasons, the first and second factors favor dismissal.

### 2. Risk of Prejudice to Respondent

The third factor also supports dismissal without prejudice. The risk of prejudice to a respondent is related to a petitioner's reason for failure to prosecute an action, even in cases such as this in which the respondent has not yet been ordered to respond to a habeas corpus petition. *See Pagtalunan*, 291 F.3d at 642. Here, Petitioner has offered no reason for failing to respond to the Court's June 24 or August 26 OSCs. The absence of any reason indicates sufficient prejudice to Respondent. *See Yourish*, 191 F.3d at 991–92 (holding that a paltry excuse for default indicates sufficient prejudice to the defendants); *see also Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (holding that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute").

### 3. Availability of Less Drastic Alternatives

The fourth factor also supports dismissal without prejudice. "Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *Prods. Liab. Litig.*, 460 F.3d at 1229 (citing, *inter alia*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1991) ("Moreover, our decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.")). Here, rather than dismissing the Petition when Petitioner failed to respond to the June 24 OSC, the Court issued the August 26 OSC, warning Petitioner that the Petition would be dismissed if he did not respond. (Aug. 26, 2021 OSC at 2.) Petitioner failed to file a response.

5

### 4. Public Policy Favoring Disposition of Cases on Their Merits

The fifth factor weighs against dismissal. "We have often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal." *Prods. Liab. Litig.*, 460 F.3d at 1228 (citing *Hernandez*, 138 F.3d at 399). On the other hand, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (citations omitted). Thus, this factor alone does not preclude dismissal.

### C.   Dismissal of this Action is Appropriate.

As discussed above, Petitioner's failure to comply with Court orders and failure to prosecute this action constitute unreasonable delay. In addition, four of the dismissal factors weigh in favor of dismissal, whereas only one factor weighs against dismissal. "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).

The Court concludes that dismissal of this action for failure to comply with Court orders and failure to prosecute is warranted. However, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal should be without prejudice.

### III.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that (1) the Petition is **DISMISSED** for failure to comply with court orders and failure to prosecute, and (2) the Clerk is directed to enter judgment dismissing this action without prejudice.

///

///

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court has considered whether a certificate of appealability is warranted. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court concludes that a certificate of appealability is not warranted; thus, a certificate of appealability is **DENIED**.

DATED: February 03, 2022

_____
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE